# IN THE SUPREME COURT OF THE STATE OF NEVADA

CELESTIN GLENN TAPPIN, JR.,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 74203

**FILED**

DEC 20 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY___S. Young___
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of attempted murder with a deadly weapon, mayhem with a deadly weapon, and battery with a deadly weapon resulting in substantial bodily harm. Second Judicial District Court, Washoe County; Scott N. Freeman, Judge.

On December 21, 2016, Reno police responded to a disturbance of the peace call. Upon arriving, police came across Celestin Tappin, Jr. standing in front of a home. Tappin had blood stains on his pants and his shoes. After investigating further, police went to another home and found Donnie Wilson crumpled over, bloodied, and near death. Wilson had numerous gashes and deep cuts all over his body. The home had blood on the walls, floors, and ceilings. A machete lay close to Wilson. Police arrested Tappin, and soon thereafter charges were brought against him.

The State of Nevada charged Tappin with three crimes: (1) battery with the use of a deadly weapon resulting in substantial bodily harm, under NRS 200.481(2)(e)(2) and NRS 0.060; (2) mayhem with the use of a deadly weapon, under NRS 200.280 and NRS 193.165; and (3) attempted murder with the use of a deadly weapon, under NRS 193.330, NRS 200.010, and NRS 193.165. Tappin went to trial and a jury found him guilty of all three charges. A judgment of conviction was subsequently

18-909622

entered, which Tappin now appeals. Tappin argues that the district court committed plain error by issuing Jury Instruction 16, and that the district court abused its discretion in not granting a for cause motion to dismiss juror Julie Ludviksen. We disagree.

*The district court did not commit plain error by issuing Jury Instruction 16*

Tappin argues that the district court committed plain error by issuing Jury Instruction 16. Specifically, Tappin argues that Instruction 16 mixed a general intent and a specific intent standard when defining the word "willful." He contends that this could have led the jury to apply a general intent standard to the attempted murder charge. We disagree with Tappin and hold that Instruction 16 did not constitute error in regard to the attempted murder charge.

Tappin admits that he did not raise an objection to Jury Instruction 16 in district court. Therefore, this court reviews for plain error. *Rossana v. State*, 113 Nev. 375, 382, 934 P.2d 1045, 1049 (1997). In determining whether an error occurred in a jury instruction, this court evaluates the instruction in the context of the overall charge and the other instructions given. *Greene v. State*, 113 Nev. 157, 167-68, 931 P.2d 54, 61 (1997) ("Jury instructions relating to intent must be read together, not disconnectedly, and a single instruction to the jury may not be judged in isolation, but must be viewed in context of the overall charge."), *overruled on other grounds by Byford v. State*, 116 Nev. 215, 235, 994 P.2d 700, 713 (2000). Further, for the error to be plain, it must be apparent from a casual inspection of the record. *Martinorellan v. State*, 131 Nev. 43, 49, 343 P.3d 590, 593 (2015).

Here, looking at the jury instructions as a whole, Jury Instruction 16 created no error with regard to instructing the jury of the

intent level necessary to convict Tappin of attempted murder. Jury Instructions 17, 18, and 19, all clearly explain that Tappin must have had specific intent to commit the target offense of murder to be convicted of attempted murder. Instruction 19 specifically states that the defendant must have "express malice, namely, the deliberate intention to unlawfully kill a human being" to be convicted of attempted murder. Thus, reading the instructions together, it is clear that the jury was instructed to apply the specific intent standard to the attempted murder charge. We conclude that the district court did not commit plain error.

*The district court did not abuse its discretion by denying Tappin's for-cause challenge to juror Ludviksen*

Tappin argues that Ludviksen had a preconceived bias because she stated in voir dire that she assumed Tappin was there for a reason and was involved in something. Therefore, Tappin argues that the district court abused its discretion by denying his challenge for cause to Ludviksen. We disagree.

In reviewing whether the district court properly denied a for-cause challenge, this court uses the abuse of discretion standard. *Boonsong Jitnan v. Oliver*, 127 Nev. 424, 431, 254 P.3d 623, 628 (2011). In evaluating whether to grant or deny a challenge for cause that is based on juror bias, the district court must ask whether the juror's views would "prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." *Id.* at 431, 254 P.3d at 628-29 (internal quotation marks omitted). However, the district court must not grant a motion for cause if the juror can set aside his biases and render a verdict based upon evidence presented in court. *Id.* at 432, 254 P.3d at 629.

During voir dire, Ludviksen initially told Tappin's counsel that she thought that Tappin was in court for a reason. However, after further

questioning, Ludviksen stated that she could keep an open mind and presume Tappin's innocence. The district court denied the challenge for cause based on Ludviksen's answers. Given the fact that Ludviksen stated that she could keep an open mind and presume Tappin's innocence, the district court did not abuse its discretion in determining that Ludviksen could set aside her biases. Therefore, we find that the district court did not abuse its discretion, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:    Hon. Scott N. Freeman, District Judge
       Washoe County Public Defender
       Attorney General/Carson City
       Washoe County District Attorney
       Washoe District Court Clerk